UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 2:24-cr-11

    Hon. Robert J. Jonker

TAYLOR MAYO,

    Defendant.

_____/

# ORDER

Defendant appeared before the Court for an initial appearance and change of plea hearing on May 14, 2024. (ECF No. 8). Defendant pleaded guilty to an Information charging Abusive Sexual Contact, 18 U.S.C. § 2244(a)(3), and was released on bond. (*Id.*). The Magistrate Judge filed a Report and Recommendation the same day advising this Court to accept the guilty plea and adjudicate defendant guilty. (ECF No. 9). The Court has reviewed the Report and Recommendation filed by the Magistrate Judge, which was duly served on the parties, and no party has filed objections. Based on this, and on the Court's review of all matters of record, including the audio transcript of the plea proceedings, **IT IS ORDERED THAT:**

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 9), is approved and adopted as the opinion of the Court.

2. Defendant's plea of guilty is accepted and defendant is adjudicated guilty of the charge set forth in the Information.

3. The written plea agreement is hereby continued under advisement pending sentencing.

The next question is whether this formal adjudication of guilt must or should trigger the mandatory remand provisions of 18 U.S.C. § 3143(a)(2). The Court raised the issue for the parties and requested briefing on the issue before accepting the Report and Recommendation, (ECF No. 13), which both sides have now filed, (ECF Nos. 14, 15). The parties agree that adjudication of defendant's guilt in this case triggers the mandatory remand provision, and that there is no applicable exception built into § 3143 itself. However, defendant argues that the Court should exercise its authority under § 3145(c) to release him pending sentencing. Specifically, defendant contends that he meets § 3145(c)'s requirements that he is not likely to flee or pose a danger to the community and that there are "exceptional reasons" that counsel against applying the mandatory remand provision in this case. *See* § 3145(c) (citing § 3143(a)(1)). The government agrees that defendant is not a flight risk or danger to the community at present, but it does not believe there are "exceptional reasons" that would warrant staying the mandatory remand.

In *United States v. Christman*, the Court of Appeals held that the "exceptional reasons" provision of § 3145(c) was not limited to appellate courts, as the title of the section might suggest, but applied to District Courts as well. 596 F.3d 870, 871 (6th Cir. 2010). The Court therefore has the authority to release defendant if it finds that the criteria in § 3145(c) are met. Here, the Court agrees with the parties that there is clear and convincing evidence that defendant is not a flight risk or danger to the community, *see* § 3143(a)(1), making the critical issue whether defendant has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate," § 3145(c).

Lower courts have emphasized that "exceptional" really does have to mean "out of the ordinary," "uncommon," or "rare." *See, e.g., United States v. Owen*, No. 3:20-cr-70, 2024 WL 2338267, at *2 (W.D. Ky. May 22, 2024) (collecting cases). The unpublished predecessor to

*Christman* underscores that high bar. In that case, *United States v. Cook*, the Circuit concluded that the district court did not err when it found that governmental cooperation and "hardship to family and business associates" fell short of "exceptional reasons" for pre-sentencing release. 42 F. App'x 803, 804 (6th Cir. 2002). And in *Christman* itself, the district court on remand declined to find exceptional reasons on the record in that case. *See* 712 F. Supp. 2d 651, 657 (E.D. Ky. 2010).

The Court has found multiple cases within the Circuit finding the absence of "exceptional reasons." *See, e.g., United States v. Wise*, No. 3:20-cr-46, 2023 WL 4554091, at *4 (E.D. Tenn. July 14, 2023) (defendant's role as caregiver to daughter with epilepsy not enough); *United States v. Johnson*, No. 3:21-cr-31, 2022 WL 16787860, at *12 (W.D. Ky. Nov. 8, 2022) (defendant's laundry list of medical conditions not enough); *United States v. Walden*, No. 3:10-cr-110, 2011 WL 4476641, at *3 (E.D. Tenn. Sept. 26, 2011) ("The Court finds that the defendant's good behavior while out on pretrial release, and the inevitable personal and financial hardship facing the defendant and his family, do not add up to the sort of 'exceptional reasons' contemplated under the statute."). In contrast, the Court has found only one within-Circuit case finding "exceptional reasons." *United States v. Goss*, No. 3:12-cr-66, 2015 WL 914708, at *2 (E.D. Tenn. Mar. 3, 2015). In that case, the defendant had terminal cancer and little time left to live. *Id.* The defendant here has not cited any case authority finding "exceptional reasons."

The Court finds that the reasons cited by the defense do not meet the "exceptional reasons" standard. Defendant submits that the offense conduct dates back about ten years to a time when he was still a minor himself (age 17); that he has taken steps on his own since that time to address pre-existing trauma that he believes contributed to his own offense conduct; that through this treatment, he has fundamentally changed in a way that minimizes or eliminates future risk; and

that he has become a socially and economically productive force in his community. He has submitted a bevy of letters from friends, family, and community members to support these statements. And if all of this is established at sentencing, it will certainly be an important part of the Court's consideration of an appropriate sentence in the case. Of course, the Court will also have to consider the circumstances of the offense conduct itself and any relevant conduct. And even though the government acknowledges that defendant is neither a flight risk nor a current public safety threat, the government is not prepared to recommend a non-custodial sentence.

Ultimately, the facts and arguments that bear on what constitutes a sentence that is "sufficient but not greater than necessary" under § 3553(a) are distinct from and different than the question of whether "exceptional reasons" exist for waiving the mandatory remand provision under § 3145(c). Such a distinction is critical to avoid letting the exception swallow the general rule of pre-sentencing remand. That is why courts have necessarily been very sparing in finding "exceptional reasons," and why the only case to do so in this Circuit involved a defendant's terminal illness, which was entirely unrelated to the merits of defendant's behavior in the case.

Accordingly, the Court now applies the mandatory remand prevision of § 3143(a)(2) and revokes defendant's bond. **Defendant shall report to the U.S. Marshal's Office in Marquette, Michigan, not later than Monday, August 13, 2024, at 3:00pm E.D.T.,** for detention pending sentencing, currently scheduled for September 5, 2024.

**IT IS SO ORDERED.**


Dated:  August 1, 2024            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE